UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,      Crim. No. 11-cr-20540
               Civ. No. 15-cv-13882
vs.             Hon. Gerald E. Rosen

ZAHIR YOUSAFZAI,

     Defendant.
_____/

OPINION AND ORDER (1) DENYING DEFENDANT'S § 2255 MOTION
TO VACATE, SET ASIDE OR CORRECT SENTENCE, (2) DENYING
CERTIFICATE  OF APPEALABILITY, AND (3) DENYING
LEAVE TO APPEAL *IN FORMA PAUPERIS*

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on November 16, 2016

PRESENT:  Honorable Gerald E. Rosen
      United States District Judge

## I.  INTRODUCTION

Defendant Zahir Yousafzai was indicted, along with 15 co-defendants, on charges of conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349.  The First Superseding Indictment also charged Yousafzai with one count of conspiracy to pay and receive kickbacks and two counts of money laundering.

On May 7, 2012, Yousafzai pleaded guilty, pursuant to a Rule 11 Plea Agreement, to one count of healthcare fraud conspiracy and one count of money laundering.  Under

1

2:11-cr-20540-GER-RSW   Doc # 638   Filed 11/16/16   Pg 2 of 7   Pg ID 8082

the Plea Agreement, Defendant agreed to a Guidelines sentencing range of 108-135 months. Contemporaneously with the Plea Agreement, Yousafzai also entered into a Cooperation Agreement with the Government that was incorporated into and made part of his Plea Agreement. Pursuant to the Cooperation Agreement, Yousafzai agreed to provide active cooperation in ongoing investigations of the FBI, Department of Justice, and the HHS Office of the Inspector General. The Government, on its part, agreed that if it determined that Defendant provided substantial assistance, it would either seek a downward departure at sentencing under U.S.S.G. § 5K1.1 or move for a reduction of sentence pursuant to Fed. R. Crim. P. 35, as appropriate.

In accordance with the Cooperation Agreement, on May 16, 2014, the Government filed a Rule 35 Motion to Reduce Sentence asking the Court to impose a sentence of 81 months' imprisonment, which was 25% below the low end of the guideline range agreed to in the Rule 11 Plea Agreement.

On May 22, 2015, after a one-day sentencing hearing, the Court sentenced Defendant Yousafzai to a term of 72 months' imprisonment, to be followed by 3 years of supervised release, and ordered to pay $4,131,135 in restitution. Judgment was entered on May 27, 2014. Yousafzai did not appeal his sentence or conviction.[1]

On November 2, 2015, Yousafzai filed the instant Motion pursuant to 28 U.S.C. §

---

[1] In the plea agreement, Yousafzai waived his right to appeal his conviction and sentence. *See* Plea Agreement, ¶ 7.

2

2255 to vacate, set aside, or correct his sentence.  As grounds for § 2255 relief, Defendant claims (1) that his counsel was ineffective because (a) he failed to inform him of a potential defense to the money laundering charge and (b) failed to file an appeal; (2) that the Government violated the Cooperation Agreement by not filing a motion for reduction in sentence; (3) that the Court unconstitutionally found facts enhancing his sentence by a preponderance-of-the-evidence; and (4) that his guilty plea was not knowingly made because counsel failed to inform him of the potential penalty and consequences of waiving his right to a trial by jury and ability to appeal.

For the reasons set forth below, the Court concludes that it need not address the merits of any of Defendant's claims because his § 2255 Motion is time-barred.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes that state and federal prisoners have a one-year limitations period within which to file a habeas corpus petition or § 2255 motion.  *See* 28 U.S.C. § 2255(f); *Mayle v. Felix*, 545 U.S. 644, 655, 125 S.Ct. 2562, 2569 (2005).  The limitation period runs from the latest of:

(1)  the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

First, when a § 2255 movant does not file an appeal, his judgment becomes final ten days after it was entered. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir.2004). Here, Defendant's Judgment became final on June 7, 2014, ten days after it was entered. [*See* Dkt. # 412.] To have been timely-filed in accordance with § 2255(f)(1), then, Defendant would have had to have filed his § 2255 Motion by June 7, 2015. Defendant, however, did not file his motion until November 3, 2015.

Defendant argues that his motion should not be deemed time-barred because he claims that the Government unconstitutionally created an impediment to his doing so by refusing to move for a Rule 35 reduction in sentence because he is a "Middle Eastern Muslim." This excuse for late filing fails because the record clearly shows that the Government *did* file a motion for reduction in sentence on May 16, 2014, before Defendant's sentencing, asking the Court to sentence Defendant to a reduced term of only 81 months instead of the 108 to 135-month range agreed to in the Plea Agreement. [*See* Dkt. # 408]. And the Court, in fact, reduced Defendant's sentence even further than what the Government had requested and sentenced Defendant to only 72 months.[2]

---

[2] Defendant's naked assertion of religious discrimination on the part of the Government -- for which he presents no evidence, whatsoever -- does not even approach the basic threshold showing required for an evidentiary hearing on this issue. And, in any event, even if the Government did not file a motion for reduction of sentence, and

4

Defendant also asserts that his motion is timely under § 2255(f)(4) because the facts upon which his motion are premised became discoverable through due diligence only after sentencing. However, Defendant has not articulated what facts supporting his motion only became discoverable after his judgment became final nor what "due diligence" he performed. Conclusory assertions do not suffice.

For the foregoing reasons, the Court finds that the exceptions set forth in § 2255(f)(2) and (4) to the generally-accepted "one year from the date of conviction becomes final" rule in § 2255(f)(1) are inapplicable.

In sum, because Defendant Yousafzai did not file his § 2255 Motion until some five months after the one-year period of limitations for doing so had expired, his motion is untimely and statutorily barred. Accordingly, Defendant's § 2255 Motion will be DENIED.

The Court will also deny a certificate of appealability. Before a Section 2255 movant may appeal an adverse decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the matter should have

---

was motivated by religious discrimination, Defendant fails to show how, in any meaningful way, he was *prevented* from filing a timely § 2255 motion, a requirement for application of § 2255(f)(2).

5

been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2255 Cases, Rule 11(a), 28 U.S.C. foll. § 2255.

For the reasons stated in this Opinion, the Court will deny Defendant Yousafzai a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. The Court also will deny leave to appeal *in forma pauperis* as an appeal cannot be taken in good faith. Fed. R. App. P. 24(a).

## III. CONCLUSION

For all of the reasons set forth above in this Opinion and Order,

IT IS HEREBY ORDERED that Defendant Yousafzai's § 2255 Motion to Vacate, Set Aside, or Correct his Sentence **[Dkt. # 549]** is DENIED. Accordingly,

IT IS FURTHER ORDERED that Civil Action No. 15-cv-13883 is DISMISSED, with prejudice.

IT IS FURTHER ORDERED that a Certificate of Appealability is DENIED. Leave to appeal *in forma pauperis* also is DENIED.

s/Gerald E. Rosen
United States District Judge

Dated: November 16, 2016

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 16, 2016, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135